# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:18-cv-57-FDW

| | |
|---|---|
| JAMES W. LOMICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| KEN BEAVER, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e); 1915A. On April 26, 2018, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 6). Thus, Plaintiff is proceeding in forma pauperis.

**I.      BACKGROUND**

Pro se Plaintiff James W. Lomick is a prisoner of the State of North Carolina, currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. Plaintiff filed this action on April 2, 2018, pursuant to 42 U.S.C. § 1983, naming the following individuals as Defendants: (1) Ken Beaver, identified as the former Administrator of Lanesboro Correctional Institution and the current Administrator of Alexander Correctional Institution; and (2) Jane Doe, identified as an officer at Lanesboro Correctional Institution.

Plaintiff alleges in the Complaint that Defendants violated his Eighth Amendment rights by failing to protect him from being stabbed by another inmate (Reginald Gray) on December 5, 2016, while Plaintiff was housed in the Blue Unit at Lanesboro, leaving Plaintiff with only one

eye and seriously injured. Plaintiff seeks compensatory and punitive damages.

**II.     STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III.    DISCUSSION**

"Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quotation marks omitted). As such, the Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials "a duty . . . to protect prisoners from violence at the hands of other prisoners." Id. at 833 (quotation marks omitted). Still, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials

responsible for the victim's safety." Id. at 834. To state a claim for damages against a prison official for failure to protect from inmate violence, an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm. Id. at 834.

"Deliberate indifference" in this context is a subjective standard in that the prison official must actually have known or been aware of the excessive risk to inmate safety. Id. at 835-37. It is not sufficient that the official should have known of the risk. Id. A plaintiff can, however, prove an official's actual knowledge of a substantial risk to his safety "in the usual ways, including inference from circumstantial evidence." Id. at 842. In other words, "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id.

Prison officials may escape liability for deliberate indifference claims in several ways. They "might show, for example, that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger, or that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." Id. at 844. "In addition, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Id. "Whether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable" on a failure-to-protect claim. Id. at 845.

Here, the Court finds that Plaintiff's failure-to-protect claim against Defendants survives

initial review in that it is not clearly frivolous.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's allegations survive initial review as to Defendants. <u>See</u> 28 U.S.C. §§ 1915(e); 1915A.

2. This Court recently enacted Local Rule 4.3, which sets forth a procedure to waive service of process for current and former employees of the North Carolina Department of Public Safety ("NCDPS") in actions filed by North Carolina State prisoners. The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for Defendants, who are current or former employees of NCDPS. Specifically, as to Defendant Jane Doe, the NCDPS is instructed that it must attempt to determine the name of the employee to whom Plaintiff refers in the Complaint—that is, a specific female correctional officer who was present on the date that Plaintiff was stabbed, and who was working in the unit where Plaintiff was housed at the time of the stabbing, and who allegedly took no action.

Signed: August 13, 2018

Frank D. Whitney
Chief United States District Judge