# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## 5:18-cv-57-FDW

| | |
|---|---|
| JAMES W. LOMICK, ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| KEN BEAVER, et al., ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on Plaintiff's "Motion to Allow Original Complaint to Proceed." [Doc. 37]. Also pending before the Court is a letter submitted by Plaintiff which reiterates his request to proceed on the original complaint and moves to compel discovery from "[D]efendent Ken Beaver and His Administration," which the Court construes as a motion to compel discovery. [Doc. 38].

Pro se Plaintiff James Lomick ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. On April 2, 2018, Plaintiff filed a complaint under 42 U.S.C. § 1983 against Defendants for violating his Eighth Amendment rights by their alleged deliberate indifference to his safety and well-being. [Doc. 1]. On May 10, 2019, Plaintiff filed a motion to add an additional defendant. [Doc. 8]. A few days later Plaintiff filed a notice of voluntary dismissal of the case. [Doc. 9]. On May 23, 2018, Plaintiff moved to reopen his case. [Doc. 12]. The Court granted this motion. [Doc. 14]. Then, on June 6, 2018, Defendant filed another voluntary dismissal of his case. [Doc. 16]. On June 21, 2018, Plaintiff again filed to reopen his case. [Doc. 18]. The Court granted the Plaintiff's motion but admonished the Plaintiff that, if he files any more documents indicating he wishes to

take a voluntary dismissal, he will have no further opportunities to reopen the case. [Doc. 19]. On August 14, 2018, the Court ordered that Plaintiff's § 1983 allegations survived initial review and the Clerk of Court began the procedure for waiver of service. [Doc. 20]. On November 27, 2018, the Court granted Plaintiff's motion to file an amended complaint. [Docs. 26, 27]. The Court, however, advised the Plaintiff that to amend the complaint, Plaintiff must submit a proposed amended complaint that contains all claims he intends to bring in this action against all defendants he intends to sue. Further, the Court advised that once Plaintiff amends his complaint, the original complaint will be superseded. The Court then ordered the Plaintiff to submit "a completed Amended Complaint in accordance with this order." [Doc. 27]. On January 10, 2019, Plaintiff filed an Amended Complaint. [Doc. 31]. On January 24, 2019, Defendants Beaver and Bynum answer the Complaint and the next day the Court entered its Pretrial Order and Case Management Plan. [Doc. 33]. Only a week later the Plaintiff filed another motion for leave to file an amended complaint, which the Court granted and again advised the Plaintiff that the Amended Complaint would supersede all prior Complaints filed in this action. [Docs. 34, 35]. On March 21, 2019, Plaintiff filed a Second Amended Complaint. [Doc. 36].

Now, over a year after filing his original complaint and after having filed two amended complaints, the Plaintiff moves the Court to allow the original complaint to proceed. [Doc. 37]. The Court will deny the Plaintiff's "Motion to Allow Original Complaint to Proceed" without prejudice to bring the proper motion before the Court. [Doc. 37]. When moving to amend a complaint, a proposed amended complaint shall be submitted with the motion. The Plaintiff has not submitted a proposed amended complaint, but merely requests in effect that the original complaint be reinstated. In any event, the Court cannot allow Plaintiff to proceed on his original Complaint because it has been superseded. See Young v. City of Mt. Ranier, 238 F.3d 567 (4th

Cir. 2001).

The Plaintiff also moves to compel discovery from Defendant Kenneth Beaver. [Doc. 38]. It appears from Plaintiff's letter that Plaintiff has requested discovery from Defendant Beaver, that Defendant Beaver has denied his request, and that Defendant Beaver claims Plaintiff's request was unclear. [Id.]. The Plaintiff, however, does not identify any discovery that he has requested from Defendant Beaver that he wants to Court to compel Defendant Beaver to produce. The Court is without any basis to assess the propriety of Plaintiff's discovery request or his motion to compel. As such, the Court will deny Plaintiff's motion without prejudice to present the Court with a proper motion demonstrating the grounds therefore and the discovery Plaintiff has sought from Defendant Beaver.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Motion to Allow Original Complaint to Proceed [Doc. 37] is **DENIED WITHOUT PREJUDICE** to bring a motion to amend and a complete proposed amended complaint before the Court in accordance with this Order.

(2) Plaintiff's motion to compel discovery, as construed from Plaintiff's letter [Doc. 38] is **DENIED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS SO ORDERED.**

Signed: May 8, 2019

Frank D. Whitney
Chief United States District Judge