# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:18-cv-00057-FDW

| | |
|---|---|
| JAMES W. LOMICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| KEN BEAVER, et al. | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on its own motion.

On August 1, 2019, the NCDPS filed a document under seal indicating it was unable to procure a waiver of service for Defendants "George Sodom" and "Dave Mitchell" because these Defendants are no longer employed by the NCDPS. [Doc. 61]. The sealed document provides the last known address for these Defendants. [Id.]. The sealed document also indicates that Defendant "George Sodom" is actually George T. Solomon, former Director of Prisons, and Defendant "Dave Mitchell" is actually Robert David Mitchell.

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995); Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to

provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

Here, despite that requests for waivers of service were submitted to the NCDPS, no waivers from Defendants Solomon or Mitchell were obtained. As such, it does not appear that these Defendants actually ever received service of process. With the additional information supplied for service on Defendants Solomon and Mitchell, the U.S. Marshal is hereby ordered to use reasonable efforts to locate and obtain service on these Defendants in accordance with Rule 4.

To that end, the Court will direct the Clerk of Court to provide a copy of Docket No. 61 to the U.S. Marshal for its eyes only for the sole purpose of serving Defendants Solomon and Mitchell.

**IT IS, THEREFORE, ORDERED** that:

(1) The Clerk of Court will send a copy of this Order and Docket No. 61 to the U.S. Marshals Service.

(2) The U.S. Marshal shall use reasonable efforts to locate and obtain service on Defendants Solomon and Mitchell in accordance with Rule 4.

(3) The Clerk is also respectfully instructed to change the docket in this matter to reflect the true names of these two Defendants, namely Defendant Sodom should be changed to George T. Solomon and Defendant Mitchell should be changed to Robert David Mitchell.

Signed: November 14, 2019

Frank D. Whitney
Chief United States District Judge