UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-00057-MR

| | |
|---|---|
| JAMES W. LOMICK, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KEN BEAVER, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | ORDER |

**THIS MATTER** is before the Court *sua sponte*.

The Defendants filed a Motion for Summary Judgment on March 16, 2020. [Doc. 72]. The Court then entered an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), informing the Plaintiff of his obligation to respond, as well as the form such response must take. [Doc. 74]. Particularly, Plaintiff was informed that his forecast of evidence must be in the form of an affidavit under oath or a statement under penalty of perjury. [Id. at 2-3]. Plaintiff ultimately filed, more than a month late, a response consisting of 36 pages of his statement and argument, to which he attached many documents. Despite the admonitions on the Court's Roseboro Order, however, Plaintiff filed nothing under oath or under penalty of perjury. Curiously interspersed throughout Plaintiff's filing were copies of a form

signed by a notary, but not by Plaintiff, attesting that Plaintiff "Personally appeal [*sic*] befor [*sic*] this day 8th April 2020 and signal [*sic*] of this document." [E.g. Doc. 81 at 19]. In short, the Plaintiff filed many pages, but NO forecast of evidence in accord with Rule 56.

Despite the lateness of Plaintiff's filing and Plaintiff's disregard for the Court's instructions, the Court allowed the Plaintiff an additional 30 days to verify his responsive filing by retroactively signing it either under oath or under penalty of perjury. [Doc. 86]. Inexplicably, the Plaintiff failed to comply. Instead, Plaintiff filed an abbreviated (7-page) summary of some of the points presented in his original response, consisting of a three-page "Declaration" and a four-page "Brief." [Doc. 88]. This document includes a statement above Plaintiff's signature "I declare under penalty of perjury that the foregoing is true and correct." [Id. at 8]. Plaintiff, however, did not to rehabilitate his original response.

While the Court is at a loss to understand why the Plaintiff has repeatedly failed to follow the Court's straightforward instructions, the Court will allow Plaintiff one more 30-day extension to comply. No further extensions will be granted barring extraordinary circumstances. If the Plaintiff fails to comply this time, the Plaintiff's initial response [Doc. 81 & attachments] will be stricken and the Defendants' motion for summary

2

Case 5:18-cv-00057-MR   Document 89   Filed 10/14/20   Page 2 of 3

judgment will be addressed with only the Plaintiff's abbreviated belated response [Doc. 88] considered in opposition.

## ORDER

The Plaintiff shall have thirty (30) days from this Order to respond in accordance with the terms of this Order, certifying under oath or penalty of perjury that his previously submitted statements are true of his personal knowledge (or identifying such portions thereof as to which he can so attest). Plaintiff's failure to so respond within thirty (30) days may result in the granting of Defendants' Motion for Summary Judgment and the dismissal of this action without further notice.

**IT IS SO ORDERED**.

Signed: October 13, 2020

Martin Reidinger
Chief United States District Judge